Nathan Petterson, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Barry Voss, Minneapolis, Minn., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Marlo NAYLOR, Defendant.**

No. Cr. 3–89–128.

United States District Court,
D. Minnesota,
Third Division.

May 4, 1990.

## ORDER

DEVITT, District Judge.

Defendant, Marlo Naylor, was found guilty by a jury verdict of aiding and abetting another to possess with intent to distribute approximately 2 kilograms of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii) and Title 18, United States Code, Section 2. She was also found guilty of conspiracy to possess with intent to distribute cocaine base, in violation of Title 21, United States Code, Section 846.

By statute the mandatory minimum sentence is 10 years imprisonment on each count. The United States Sentencing Guidelines call for a sentence range of 235 months to 293 months, based on a total offense level of 38 and a criminal history score of I.

The United States Sentencing Guidelines sets forth its purposes as mandated by the Comprehensive Crime Control Act of 1984. This Act "... foresees guidelines that will further the basic purposes of criminal punishment, i.e., deterring crime, incapacitating the offender, providing just punishment, and rehabilitating the offender." United States Sentencing Guidelines, Part A–Introduction, 2. *The Statutory Mission.* However, "... [i]f a particular case presents atypical features, the Act allows the judge to depart from the guidelines and sentence outside the range. In that case, the Judge must specify reasons for departure. 18 U.S.C. § 3553(b)." *Id.*

Part K of the Guidelines sets forth bases for departure from a presumptive Guidelines sentence range. Specifically, Section 5K2.0 *Grounds for Departure,* states that

[T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' ... The controlling decision as to whether and to what extent departure is warranted can only be made by the Court at the time of sentencing.... Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing judge. Similarly, the Court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines ... if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

The court finds that mitigating circumstances exist in this case which were not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Except for a minor shoplifting incident, this 23 year old woman has a clean record. She was a good student in high school and active in her community.

She has also been employed during the majority of the period since she graduated from high school. However, after becoming romantically involved with co-defendant Daryl Glover, a man 15 years her senior, the course of this young woman's life took a turn for the worse.

The evidence introduced at trial and affidavits submitted by counsel make clear that Glover used his romantic relationship with Naylor and his age to exert substantial influence on Naylor and to manipulate her. He has admitted that he got her to quit her job and that he controlled her. *See* Glover affidavit. It also appears that Naylor was financially dependent on Glover after quitting her job.

While the influence which Glover wielded over Naylor may not amount to coercion or duress, *cf.* Guidelines § 5K2.12, to impose a 20 year sentence on this young woman would not serve any valid penal interest. The Commission could not have intended such a harsh sentence in a situation like this where an industrious young woman was purposefully exploited by a manipulative lover 15 years her senior.

The court finds that the minimum statutory sentences of 10 years on each count running concurrently will adequately punish defendant Naylor. She will be sentenced accordingly.